UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN C. COOK, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-100-DRL-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Nathan C. Cook, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his conviction for cocaine dealing and conspiracy to commit cocaine dealing under Case No. 27D01-703-FA-32. Following a jury trial, on February 14, 2014, the Grant Superior Court sentenced him to fifty years of incarceration.

BACKGROUND

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the evidence presented at trial:

> On April 20, 2006, undercover Marion Police Officer Robert Moore ("Officer Moore") arrived at a Marion residence after arranging with Gary Brown ("Brown") to purchase cocaine in a controlled buy. Cook, who was also at the residence, placed the cocaine on a digital scale. The scale indicated that the cocaine weighed over twenty grams. The men agreed to a price for the cocaine, and Officer Moore handed Cook $700. Cook placed the cocaine in a plastic baggie and gave the baggie to Officer Moore.
>
> Officer Moore then met Grant County Sherriff's Deputy Tom Fleece ("Deputy Fleece") at another location and gave him the baggie of cocaine he had purchased from Cook. Tests performed at the Indiana State Police

> Lab determined that the substance was cocaine, with a net weight of 17.98 grams.
>
> On March 5, 2007, the State charged Cook with Class A felony dealing in cocaine and Class A felony conspiracy to commit dealing in cocaine. A jury trial was held from April 13 to April 15, 2009.
>
> * * *
>
> After the first day of the trial, Cook failed to appear, and his defense counsel could not locate him. Cook was tried in absentia and found guilty of both counts. Nearly five years later, on February 14, 2014, Cook, who had been living in Minnesota under a false identity, was arrested for driving while impaired. Authorities in Minnesota discovered the arrest warrant that had been issued after Cook failed to appear for his trial and Cook was arrested. The trial court held Cook's sentencing hearing on March 17, 2014, after which it ordered Cook to serve two concurrent terms of fifty years in the Department of Correction.

ECF 12-5; *Cook v. State*, 29 N.E.3d 819 (Ind. App. 2015).

In the amended petition (ECF 11), Mr. Cook argues that trial counsel was ineffective for failing to present Tyice Simpson Chapman as a witness and for failing to communicate a plea offer. He also argues that the prosecution failed to disclose Gary Brown's criminal history, which indicated that Gary Brown had been arrested on three occasions for crimes of dishonesty.

In the amended petition, Mr. Cook also asserted that the trial court improperly denied him a jury instruction on destruction of evidence and that the post-conviction court improperly denied him subpoenas, but he waives these claims in his traverse. ECF 16 at 15. Moreover, the claim regarding the subpoenas is non-cognizable, *see Flores-Ramirez v. Foster*, 811 F.3d 861, 866 (7th Cir. 2016) ("It is well established that the Constitution does not guarantee any postconviction process, much less specific rights

during a postconviction hearing."), and the jury instruction claim is procedurally defaulted for the same reasons as the failure to disclose evidence claim discussed below.[1]

PROCEDURAL DEFAULT

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko*, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner

---

[1] The Warden also argues that the claims regarding the failure to disclose evidence, the omission of a jury instruction, and the failure to provide subpoenas are untimely under Section 2241(d)(1). Mr. Cook added these claims in the amended petition. ECF 1, ECF 11. Though a full-scale timeliness analysis is unnecessary to resolve this case, the court agrees that these claims are untimely in light of *Mayle v. Felix*, 545 U.S. 644 (2005). In that case, the Supreme Court held that, on federal habeas review, relation back is appropriate "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Id.* at 657.

3

who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

On direct appeal, Mr. Cook did not present any of his habeas claims to the Indiana appellate courts. ECF 12-3. On post-conviction review, Mr. Cook presented to the Indiana Supreme Court only the claims that trial counsel failed to present Tyice Simpson Chapman as a witness and that trial counsel failed to communicate a plea offer. ECF 12-12. Consequently, Mr. Cook fairly presented only these claims to the state courts, and the claim that the prosecution failed to disclose Gary Brown's criminal history is procedurally defaulted.

In the amended petition, Mr. Cook asserts that he did not present the failure to disclose claim to the Indiana Supreme Court due to the petition to transfer deadline and the word court restriction. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

The Indiana Rules of Appellate Procedure limits petitions to transfer to 4,200 words. Ind. R. App. 44(E). The petition to transfer indicates that it contains 3,742 words, and it is unclear why Mr. Cook could not have used the remaining 458 words and condensed his other arguments to include the failure to disclose argument in the petition to transfer. ECF 12-12 at 16. Even if he could not, Mr. Cook could have filed a motion to

4

file an oversized brief under Ind. R. App. 44(B) but declined to do so. ECF 12-8. Further, the Indiana Rules of Appellate Procedure allow parties to file a petition to transfer within forty-five days of an adverse decision. Ind. R. App. 57(C)(1). However, Mr. Cook filed his petition to transfer just twenty-eight days after the issuance of the adverse decision. ECF 12-8 at 8. It is unclear why Mr. Cook would have been unable to brief the failure to disclose argument during the seventeen remaining days, particularly considering that he had raised the same argument before the Indiana Court of Appeals. ECF 12-9 at 26-31. Consequently, the court cannot find that cause-and-prejudice excuses the procedurally defaulted nature of the failure to disclose claim.

Mr. Cook also asserts actual innocence as a basis to excuse procedural bar. A habeas petitioner can overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). In this context, the court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

As new evidence, Mr. Cook offers the testimony of Tyice Simpson Chapman and the prior arrests of Gary Brown. ECF 13-2 at 40-42; ECF 13-3 at 4-6. The Indiana Rules of

5

Evidence allows parties to present evidence that a witness has been convicted of a crime of dishonesty. Ind. R. Evid. 609(a). However, Rule 609(a) does not allow evidence that a witness has merely been arrested for such a crime, and Mr. Cook does not explain how the arrest history would have been otherwise admissible. Even if it was admissible, arrest history, standing alone, is generally considered to have low probative value. *See Michelson v. U.S.*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty."); *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013) ("The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges."); *Perry v. State*, 956 N.E.2d 41, 59 (Ind. App. 2011) ("Evidence of a prior arrest or the lodging of charges should not itself be admitted under Rule 404(b), since neither has been traditionally viewed as sufficiently probative of the basic question of whether the underlying act occurred.").

Further, as discussed in greater detail below, the testimony of Ms. Chapman is of limited probative value because she did not witness the entire transaction, and it merely contradicts portions of the testimony of Gary Brown and Officer Moore. Because a reasonable juror could have credited the testimony of Gary Brown and Officer Moore over the testimony of Ms. Chapman, Mr. Cook does not satisfy the demanding evidentiary standard for actual innocence. Consequently, the court cannot find that actual innocence excuses the procedurally defaulted nature of the failure to disclose claim.

STANDARD

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (quotations and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods,* 135 S. Ct. at 1376 (quotation marks and citations omitted). Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

To prevail on an ineffective assistance of counsel claim in the state courts, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91.

The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 693. In assessing prejudice under *Strickland* "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). "On habeas review, [the] inquiry is now whether the state court unreasonably applied *Strickland*." *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013). "Given this high standard, even 'egregious' failures of counsel do not always warrant relief." *Id.*

DISCUSSION

A. *Trial Counsel – Failure to Present Tyice Simpson Chapman.*

Mr. Cook argues that he is entitle to habeas relief because trial counsel provided ineffective assistance by failing to present Tyice Simpson Chapman. He maintains that Ms. Chapman would have testified that she saw Gary Brown deliver cocaine to Officer Moore. According to Mr. Cook, her testimony was consistent with Officer Moore's physical description of the seller at his deposition, which more aptly described Gary Brown, and that these articles of evidence together would have likely caused the jury to find that Gary Brown rather than Mr. Cook committed the crime of cocaine dealing.

At trial, the witnesses testified that, on April 20, 2006, Officer Moore, then undercover, asked James Ricks for assistance in purchasing cocaine at Mr. Ricks' residence. Trial Tr. 188-89. Mr. Ricks asked Gary Brown, also present at the residence, to call Mr. Cook to arrange the purchase. *Id.* at 188-89. Officer Moore drove with Mr. Ricks and Mr. Brown to Mr. Cook's residence. *Id.* at 166-67, 188-89, 281-85. When Mr. Cook entered the vehicle, Officer Moore drove back to Mr. Ricks' residence. *Id.* at 170, 190-91, 281-85, 291-92. Mr. Cook weighed the cocaine and then exchanged 17.98 grams of it with Officer Moore in exchange for seven hundred dollars. *Id.* at 191-92, 222-23, 255-56, 272. At trial, only Officer Moore and Gary Brown testified as to the events inside the residence, but Detective Kauffman, Detective Fleece, and Detective Stefanatos observed the events that occurred outside. Similarly, the prosecution presented audio recording of the entire transaction and video recording of the events that occurred outside. *Id.* at 171-73, 278-80; Trial Ex. 4; Trial Ex. 12-A. Near the end of the audio recording and the cocaine transaction,

9

Officer Moore asks the seller his name, and the seller identifies himself as "Nate." Trial Tr. 257; Trial Ex. 4.

At the post-conviction stage, Tyice Simpson Chapman testified as follows:

**Mr. Cook:** Okay, well, the record shows that you walked in the room back in 2006 at [the Ricks residence] and it was me, myself, Gary Brown, James Ricks, and [Officer Moore]. Can you state for the record what you saw when you walked in the room to tell your brother Ricks he had a telephone call?

**Ms. Chapman:** Yeah, I walked in there snappin' a little because I thought it was disrespectful how [Ricks] had all them peoples in my momma's house, but what I see, if I can recall, I seen Gary Brown and a dude on the nightstand weighing out dope. And I seen you in the back talking to [Ricks].

**Mr. Cook:** Okay, so you didn't see me hand Gary anything?

**Ms. Chapman:** No, everything was already in place when I got there.

ECF 13-2 at 40-42.

On appeal, the Indiana Court of Appeals rejected the claim for lack of prejudice. ECF 13-11 at 8-9. The appellate court reasoned that Ms. Chapman did not witness the transaction in its entirety and that substantial evidence, including testimony from several witnesses and an audio recording, supported the finding that Mr. Cook sold the cocaine to Officer Moore. *Id.*

After reviewing the record, the court cannot find that the state court made an unreasonable determination on the claim that trial counsel failed to present Ms. Chapman as a witness. As noted by the Indiana Court of Appeals, Ms. Chapman did not see the entire transaction, and her understanding that Mr. Brown sold the cocaine was contradicted by both Mr. Brown and Officer Moore as well as the audio recording. Further, under Indiana law, a conviction of cocaine dealing does not require personal

delivery of cocaine but allows for an "actual or constructive transfer . . . whether or not there is an agency relationship" or "the organizing or supervising of an [actual or constructive transfer." Ind. Code § 35-48-1-11 (defining "delivery"); Ind. Code § 35-48-4-1 (elements of cocaine dealing). In other words, Mr. Cook's conviction did not require the prosecution to show that Mr. Cook personally delivered the cocaine to Mr. Brown. Additionally, Ms. Chapman's testimony would not have undermined the evidence showing that Officer Moore and Mr. Brown departed from and escorted Mr. Cook to the Ricks residence immediately before the transaction and in response to Officer Moore's request to purchase cocaine. It is unclear why Mr. Cook would have arrived at the Ricks residence in this manner if he was not there for the purposes of selling cocaine to Officer Moore.

Mr. Cook also argues that Ms. Chapman's testimony was consistent with Officer Moore's physical description of the seller at his deposition, which more closely resembled Gary Brown. He maintains the combined force of Ms. Chapman's post-conviction testimony and Officer Moore's deposition testimony would have likely caused the jury to find that Gary Brown rather than Mr. Cook committed the crime of cocaine dealing. Significantly, Officer Moore's deposition occurred on April 9, 2009, nearly three years after the cocaine transaction. ECF 13-7 at 65. At trial, Officer Moore testified that his physical description of the seller at his deposition was a mistake caused by the passage of time and that his trial testimony was consistent with his contemporaneous police report. Trial Tr. 267-69. Given this plausible explanation, it seems unlikely that Officer

11

Moore's deposition testimony would have meaningfully enhanced the persuasive force of Ms. Chapman's testimony.

In sum, the foregoing concerns persuade this court that the state court's determination was not unreasonable. Therefore, the claim that trial counsel failed to present Ms. Chapman as a witness is not a basis for habeas relief.

B.     *Trial Counsel – Plea Offer.*

Mr. Cook argues that he is entitled to habeas relief because trial counsel failed to communicate a plea offer for twenty years of incarceration. He maintains that, if trial counsel had communicated the plea offer, he would have accepted it. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012).

At the post-conviction stage, Mr. Cook had in his possession an unsigned plea offer for twenty years of incarceration on the cocaine dealing charge and the dismissal of the conspiracy charge. ECF 13-6 at 185-86. At an evidentiary hearing, Mr. Cook questioned trial counsel about the plea offer as follows.

> **Mr. Cook:** Do you recall this plea agreement?
>
> **Trial Counsel:** No, I don't. It's got my name printed on it so I assume it was presented during my term of handling your case, and we took plea agreements or got them to the client promptly.
>
> **Mr. Cook:** Do you know why my signature's not on this plea agreement as being rejected?
>
> **Trial Counsel:** No, you didn't take the plea. Sometimes, we just say, "Do you want to take it," and you say, "No."

>**Mr. Cook:** I don't never recall seeing this plea agreement.
>
>**Trial Counsel:** If that plea agreement was presented to me, I got it to you. I don't believe I've ever sat on a plea agreement or not give it to the client. But I don't specifically remember. I will acknowledge that.

ECF 13-2 at 26-27.

On appeal, the Indiana Court of Appeals rejected the claim, first noting that Mr. Cook did not submit the plea offer as an agreement and did not testify at the evidentiary hearing about whether he received the plea offer or whether he would have accepted it. ECF 12-11 at 10-11. The appellate court further reasoned that, even if it accepted the plea offer and Mr. Cook's unsworn statements as evidence, the Grant Circuit Court did not err by crediting trial counsel's testimony, which was admissible under Ind. Evid. R. 406 as evidence of habit. *Id.*

The court must credit state court findings unless they are rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Further, "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022). On federal habeas review, Mr. Cook attempts to supplement the record by affidavit to establish that trial counsel did not convey the plea offer to him and that he would have accepted it. ECF 16-2. Because Mr. Cook could have presented such testimony during post-conviction proceedings, Section 2254(e)(2) bars the court from considering his affidavit now. Given the lack of evidence in support of Mr. Cook's factual allegations, the court cannot find that the state court erred in finding that

13

trial counsel communicated the plea offer to Mr. Cook. Moreover, even if the court could consider it, the affidavit does not amount to clear and convincing evidence that the state court determination on the issue of whether trial counsel conveyed the plea offer to Mr. Cook was incorrect. Therefore, this claim is not a basis for habeas relief.

Mr. Cook also filed a motion for appointment of counsel, and the court has considered whether Mr. Cook would benefit from assistance of counsel in this case. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Based on the court's thorough review of the record, it seems unlikely that appointed counsel could have assisted Mr. Cook with demonstrating actual innocence or with demonstrating that the state courts unreasonably denied the ineffective assistance of trial counsel claims. Therefore, the motion for counsel is denied.

Mr. Cook filed motion suggesting that the Warden purported to file certain portions of the state court record but did not file them. Upon review of the electronic docket and the manually filed exhibits, the Warden filed every portion of the state court record listed as an exhibit in the response to the habeas petition. ECF 12; ECF 13; ECF 15. Therefore, this motion is also denied.

CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Cook to proceed further.

For these reasons, the court DENIES the amended habeas corpus petition (ECF 11); DENIES the motion for counsel (ECF 17); DENIES the request for transcripts (ECF 18); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED.

July 19, 2022  *s/ Damon R. Leichty*
Judge, United States District Court